Eugene Killian, Jr., Esq. (Attorney ID 2043289)
Dimitri Teresh, Esq. (Attorney ID 5125281)
**THE KILLIAN FIRM, P.C.**
48 Wall Street, 11th Floor
New York, NY 10005
(732) 912-2100
ekillian@tkfpc.com
dteresh@tkfpc.com

Attorneys for Plaintiff
John Doe

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| JOHN DOE, | Case No. |
| Plaintiff, | **COMPLAINT** |
| -against- | ECF CASE |
| HOFSTRA UNIVERSITY HEALTH & WELFARE PLAN, | |
| Defendant. | |

----------------------------------------------------------------X

Plaintiff John Doe herein sets forth the allegations of his Complaint against Defendant Hofstra University Health & Welfare Plan.

**PRELIMINARY ALLEGATIONS**

1.      This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee

benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, and attorneys' fees and costs.

2. Plaintiff John Doe is a resident of New York. At all times relevant, John Doe was a participant of the Defendant employee health benefit plan (the "Plan") regulated by ERISA and pursuant to which Plaintiff and his dependent infant child R.B. were entitled to health benefits. This lawsuit concerns health benefits for R.B.'s hospitalization in November 2023.

3. Defendant Hofstra University Health & Welfare Plan is an employee health benefit plan regulated by ERISA. Defendant is authorized to transact and is transacting business in the Southern District of New York and can be found in the Southern District of New York.

4. Plaintiff is informed and believes that Defendant Empire HealthChoice Assurance, Inc. ("Empire") administered the benefits provided by the Plan.

## FACTUAL BACKGROUND

### R.B.'s Hospitalization

5. On Sunday, November 5, 2023, R.B. was a 12-month-old baby with poor weight gain, feeding intolerance (starting at 5 months old), developmental delays, and dehydration. He visited his pediatrician, Dr. Young Kim, who noted that R.B. presented with acute severe shutdown of fluid intake. R.B. weighed 15 pounds. Dr. Kim advised Plaintiff to monitor R.B. closely and take him to the emergency department if he did not improve over the next day.

6. R.B. continued to refuse to drink fluids following his visit with Dr. Kim. That evening, R.B. vomited following an attempt at bottle feeding.

7.     The next day, November 6, 2023, R.B. continued to refuse liquids and, following Dr. Kim's instructions, Plaintiff took R.B. to the Emergency Department at Steven and Alexandra Cohen Children's Medical Center.

8.     In the Emergency Department, R.B. was diagnosed as clinically dehydrated and medical staff were unable to insert intravenous line on two attempts.

9.     R.B. was admitted to the hospital with acute chronic feeding intolerance and dehydration in the setting of rhino enterovirus infection. R.B. received intravenous fluids until he began tolerating small amounts of oral liquid feedings.

10.    On November 8, 2023, R.B. was deemed stable for discharge from the hospital and was discharged to his parents.

Empire's Denial of Benefits for Hospitalization

11.    Empire denied benefits for R.B.'s hospitalization from November 6-8, 2023, claiming that the hospitalization was not medically necessary. The hospital claims denied by Empire total $37,972.07.

12.    On approximately November 22, 2023, Plaintiff submitted an appeal letter to Empire and medical records. Plaintiff wrote that severe problems beyond dehydration existed which necessitated R.B.'s hospitalization. Plaintiff pointed out that R.B. projectile vomited before his admission, had a history of severe bottle rejection and trouble drinking which qualified him for federal early intervention program, and refused to drink which made his hospital admission medically necessary.

13. Plaintiff also provided a letter of support dated November 21, 2023 from Dr. Kim who wrote:

> [R.B.] was admitted to Cohen Children's Hospital on 11/6/23 for 3 nights/4 days for dehydration due to inability to drink fluids. He presented to me on 11/5/23 with an acute severe shut down of his fluid intake from an average of 700 ml/day to 420 ml. I instructed Ronen's parents to monitor him closely and to take him to the ED if he did not improve over the next day. He continued to refuse to drink fluids after leaving my clinic that day which prompted his parents to take him to the emergency department several hours later. He was found to be dehydrated and could not drink fluids and was thus admitted as an inpatient. The ED staff attempted to get him to drink from 12:30 am to 4:30PM approximately and failed. **If this is not the exemplification of "inability to drink" then there is none.**
>
> He has also had a feeding aversion which has led to failure to thrive since early infancy, making him even more susceptible to dehydration. Please refer to the attached growth curves which demonstrate that he is severely underweight to begin with.

(Emphasis added).

14. In a letter dated December 15, 2023, Empire denied Plaintiff's appeal. Empire wrote that the "plan clinical criteria considers a full hospital admission medically necessary when severe problems exist. These might include low blood pressure, o9ngoing [sic] vomiting, or continued inability to drink enough fluids. The information we have does not show you have these or other severe problems." Empire did not acknowledge or address Plaintiff's or Dr. Kim's letters which explained that R.B. did have a continued "inability to drink."

15. Plaintiff is financially responsible for the cost of R.B.'s hospitalization in the amount of approximately $37,972.07.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT

## FOR DENIAL OF BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

16. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

17. Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

(a) Failure to pay health benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claims for health benefits;

(c) After the claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claims along with an explanation of why such material is or was necessary; and

(d) Failure to properly and adequately investigate the merits of the claims.

18. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's claims for benefits by other acts or omissions of which Plaintiff is presently

unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

19. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on his part to be performed.

20. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of the medical bills incurred, approximately $38,000.00, with the total sum to be proven at the time of trial.

21. Plaintiff seeks to recover benefits due to him under the terms of the plan and to enforce his rights under the plan pursuant to 29 U.S.C. § 1132(a)(1)(3).

22. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

23. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce his rights under the terms of the Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff demands for judgment against Defendant as follows:

1. Approval and payment of health benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

DATED: February 25, 2024

**THE KILLIAN FIRM, P.C.**
*Attorneys for Plaintiff John Doe*

By: _____
Dimitri Teresh, Esq. (5125281)
48 Wall Street, 11th Floor
New York, NY 10005
(732) 912-2100