
Eugene Killian, Jr., Esq. (Attorney ID 2043289)
Dimitri Teresh, Esq. (Attorney ID 5125281)
**THE KILLIAN FIRM, P.C.**
48 Wall Street, 11th Floor,
New York, NY 10005
(732) 912-2100
ekillian@tkfpc.com
dteresh@tkfpc.com

Attorneys for Plaintiff
John Doe

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| JOHN DOE, | Case No. 1:24-cv-01535-AS |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RENEWED MOTION TO FILE CIVIL CASE UNDER A PSEUDONYM** |
| -against- | |
| HOFSTRA UNIVERSITY HEALTH & WELFARE PLAN, | |
| Defendant. | |

-----------------------------------------------------------------X

Pursuant to Order to File Civil Case Under a Pseudonym issued by Hon. Jesse M. Furman, U.S.D.J, in Docket No. 24-MC-0088 (JMF) (Dkt. No. 3), Plaintiff John Doe hereby provides the following Memorandum of Law in Support of Plaintiff's Renewed Motion to File Civil Case Under a Pseudonym.

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

This is an ERISA case filed by Plaintiff John Doe to recover health benefits for his baby's hospitalization in November 2023. John Doe is a participant in an employee health benefit plan (the "Plan") pursuant to which his dependent minor child, identified by his initials R.B., is a covered dependent. Plaintiff seeks an award of plan benefits, prejudgment interest, costs, and attorney's fees. Plaintiff seeks to file this action under a pseudonym ("John Doe") to protect the confidentiality of Plaintiff's baby pursuant to Federal Rule of Civil Procedure 5.2 which requires that minors are identified by their initials in pleadings.

A.   **Plaintiff Satisfies Standards for Proceeding Under a Pseudonym**

Plaintiff's child, R.B., was a baby when he was hospitalized in November 2023 for dehydration. R.B. had feeding intolerance, weighed 15 pounds at 12 months of age, and was diagnosed by his pediatrician as having acute severe shutdown of fluid intake. At the pediatrician's instruction, Plaintiff brought his baby to the hospital's emergency department and upon evaluation, the hospital staff admitted the baby for two days. This lawsuit concerns the cost of hospitalization for R.B. which Plaintiff requests be paid by the Plan.

Pursuant to Federal Rule of Civil Procedure 5.2(a)(3), R.B. is required to proceed under a pseudonym due to his minor age. By extension, R.B.'s father, identified as the Plaintiff John Doe, should also proceed under a pseudonym because revealing the identify of John Doe will inevitably reveal the identity of the minor child and forgo the protections provided by Rule 5.2.

Federal courts have permitted a party to proceed under a pseudonym when special circumstances warrant anonymity. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). Courts permit party to proceed under a pseudonym where "the party's need for anonymity

outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." It is within the Court's discretion to permit a party to proceed anonymously. *Id.*

The Second Circuit has provided several factors for courts to consider in balancing anonymity and disclosure. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). These factors support anonymity for Plaintiff because: this litigation "involves matters that are highly sensitive and of a personal nature"; identification presents risk of harm to Plaintiff's child; Plaintiff's child is particularly vulnerable because of his age (approximately 1 year old at present); Plaintiff's identity has thus far been kept confidential; the public's interest in the litigation is not furthered by requiring Plaintiff to disclose his identity; and there are no alternative mechanisms for protecting the confidentiality of Plaintiff and R.B.

These are exceptional circumstances which necessitate the use of pseudonym to protect Plaintiff's identity. Plaintiff's child is a baby who required hospitalization due to dehydration and inability to drink fluids. If Plaintiff's identify is disclosed, R.B.'s identity will also be inadvertently and irrevocably disclosed by nature of their familial relation. The potential damage to Plaintiff and R.B. if their identities were disclosed publicly exceeds the desire for public disclosure of his identity. A pseudonym will protect Plaintiff's and his child's privacy and preserve the protections intended for minors by the Federal Rules of Civil Procedure. *See Be v. Comcast Corp.*, No. 20-CV-8571 (JPC), 2021 WL 694556, at *2 (S.D.N.Y. Feb. 23, 2021); *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08 Civ. 168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008) ("[s]ince a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials." Similarly here, Plaintiff's minor child's protection would be eviscerated if his father's identity was revealed. *Doe v. Deloitte LLP Grp. Ins. Plan*, 2023 WL 3993758 (S.D.N.Y. June 13, 2023).

-4-

Based on this law and facts, Plaintiff respectfully requests the Court permit him to proceed in this litigation under a pseudonym.

DATED: March 11, 2024

By: _____
**THE KILLIAN FIRM, P.C.**
48 Wall Street, 11th Floor,
New York, NY 10005
(732) 912-2100
ekillian@tkfpc.com
dteresh@tkfpc.com

Attorneys for Plaintiff
John Doe